**LATAVALE TAFAO TUPUOLA, NAOAFIOGA MALAMA UELIGATONE, SIMEAULI FALO, SEULELE SATELE, NOATALA AVEGALIO, and FALEILETAGI TAFAO, Plaintiffs,**

**v.**

**LOTTIE TAFEAGA SAVEA and JULIE MING dba FAST FOOD, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 02-05

August 18, 2005

Before RICHMOND, Associate Justice; SAGAPOLUTELE, Associate Judge; and SU`APAIA, Judge.

Counsel: For Plaintiffs, Robert K. Maez
 For Defendants, Katopau Ainu`u

OPINION AND ORDER

Plaintiffs filed this action to evict Defendants from and to permanently enjoin their use of the building ("the premises") located across from the American Samoa Community College and adjacent to the main public highway on the Fanene family's communal land in Malaeimi, American Samoa. Ownership of the premises as between Plaintiffs and Defendant Lottie Tafeaga Savea ("Savea") is disputed. Savea leases the premises to Defendant Julie Ming ("Ming"), who operates her business known as Fast Food there.

On February 18, 2005, the Court heard Plaintiffs' application for a preliminary injunction to stop the alleged trespass and use *pendente lite*. However, the parties resolved the immediate issue by stipulating that the rent would be paid into the Court Registry pending further order of the Court. Trial was conducted on June 22, 2005.

■ We note two additional introductory matters. First, the Secretary of Samoan Affairs' certificate of irreconcilable dispute, issued on January 31, 2005, was filed on February 2, 2005. Although this action essentially concerns ownership of a building, involvement of underlying communal land still requires the jurisdictional secretarial certificate. A.S.C.A. § 43.0302.

■ Second, the Fanene family's *sa`o* title is presently vacant. The Territorial Registrar has set aside the registration of the holder of the family's only other registered *matai* title, but that title vacation issue is pending before the High Court for ultimate resolution. MT No. 3-05. However, given the *sa`o* vacancy and lack of two other adult male registered *matais* in the family, Plaintiffs as adult family members are authorized to bring this action for injunctive relief under A.S.C.A. § 43.1309(b).

### Discussion

A former Fanene family *sa`o* customarily assigned the use and occupancy to Plaintiffs and Lottie's family many years ago. Plaintiffs are sisters. They had four brothers, all deceased, including Lottie's father, Dr. Ifo Tafao ("Ifo"). Ifo built a home on the assigned land, where Lottie now resides, behind the premises. Plaintiff Naoafioga Malama

Ueligatone also has a home on the land further behind the premises.

In 1984, the 10 siblings, Plaintiffs and their four brothers, agreed to invest $500.00 each to start a family business on the assigned land. They built and furnished the premises for this purposes, using the investment funds as well as financial and labor contributions of the brothers then living in American Samoa and gifted appliances from siblings living outside of the territory. The premises were completed and opened for retail business operations named the Malaeimi Mini Mart, as the 10 siblings family business in January 1985. Approximately two years later, the 10 siblings decided to lease the premises to other business operations rather than directly conduct business there. Ifo, as the 10 siblings' on-site representative, essentially managed the premises from January 1985 until he passed away in April 2004. The premises was closed to business operations in August 2004, but in January 2005, Lottie leased the premises to Ming.

Ifo was reminded from time to time by one or more of the Plaintiffs that the 10 siblings or the survivors of them owned the premises. The last occasion was in 2003 when Ifo visited Plaintiff Latavale Tafao Tupuola ("Latavale") in California. After Ifo's death, Plaintiffs, the six sisters and then the only surviving siblings, conveyed to Lottie their intention to take over the management of the premises. Latavale claims that Lottie agreed to Plaintiffs' plan during a telephone conversion on June 9, 2004, which Latavale confirmed in a letter dated June 10, 2004, to Lottie. Lottie, however, denies any such agreement and claims that Ifo owned, and she, as his successor, now owns the premises. She bases this claim principally on Ifo's hands-on connection with the early business conducted on, and later leases of, the premises and her father's ownership statements. She claims, for example, that Ifo told her in substance that he took over sole ownership of the premises in 1987 as settlement of disagreements among the 10 siblings and refunded their cash investments and contributed appliances.

The premises was not separated as personal property, pursuant to A.S.C.A. §§ 37.1501-.1506, from the Fanene family's underlying communal land. As an improvement to land, the premises is a permanent and integral part of the communal land and is therefore real property. Ifo's statements to Lottie are unpersuasive, hearsay evidence. By contrast, we believe the overriding, convincing evidence to be the siblings' conduct over the years vis-à-vis the premises. Through their original agreement to construct the premises, and subsequent actions, the ten original siblings, and now Plaintiffs as the six surviving sisters, have always had the collective right to occupy, use, and control the premises. This right was and remains a settled matter within the discretion of Plaintiffs' family. Plaintiffs' family will continue to have the right to

maintain or modify their internal agreement pertaining to the premises so long as the communal land assignment to Plaintiffs' family does not terminate. *See Lutu v. Taesaliali`i,* 11 A.S.R.2d 80, 89 (Land & Titles Div. 1989); *Gi v. Temu,* 11 A.S.R.2d 137, 142 (Land & Titles Div. 1889).

It follows that Lottie did not have any authority by herself to lease the premises to Ming, and that the lease is therefore void *ab initio.* Ming, however, continues to occupy and operate her Fast Food business on the premises, and by the Court's order entered on February 25, 2005, she has deposited the monthly rent due after that date into the Court Registry. At this juncture, Plaintiffs may either ask the Court for an order evicting Ming or choose to renew the lease, under its present or renegotiated terms, and collect the rent. Under either option, the rental funds in the Registry will be disbursed to Plaintiffs. Plaintiffs are also entitled to recover from Lottie the amount of any rent paid to her by Ming.

## Order

1. Plaintiffs have the right to occupy, use and control the premises, unless and until Plaintiffs' family internally enters a new agreement for this purpose, so long as the assignment of the underlying Fanene family communal land assignment to Plaintiffs' family remains in effect.

2. The lease to Ming is void *ab initio.* Plaintiffs may either request the Court to order Ming's eviction from the premises, if necessary, or reach an agreement with Ming to continue her lease of the premises. The Clerk of the Court shall disburse the rental funds paid by Ming into the Court Registry on or after February 25, 2005, to Plaintiffs. Lottie shall pay Plaintiffs the amount of any rent paid by Ming to Lottie.

3. Until further order of the Court, Lottie and Ming, jointly and severally, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with her are permanently enjoined from occupying, using and controlling the premises. This injunction against Ming shall immediately terminate in the event Plaintiffs and Ming renew Ming's lease of the premises.

It is so ordered.